Mario Pittoni, J.
Motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action is granted.
No facts are pleaded in the complaint from which it may be inferred that an amendment to the zoning ordinance, adopted on May 9,1961, is illegal and void. Nor — assuming that the Board of Trustees had the power to make the agreement referred to in paragraph “ Sixth ’’ — may it be held that the facts stated show conduct on the part of defendants and reliance thereon by the plaintiff which would support a declaration of invalidity of the ordinance (see Telimar Homes v. Miller, 14 A D 2d 586). The mere application for a building permit and an alleged promise to issue a permit if certain changes were made in the plans does not bar the defendant Board of Trustees from subsequently amending the ordinance. Even if a permit were in existence prior to the amendment to the ordinance prohibiting such use, the right to proceed under the permit would be barred unless a vested right were obtained by expenditures made and obligations incurred prior to the amendment (Matter of Fox Lane Corp. v. Mann, 216 App. Div. 813, affd. 243 N. Y. 550; Matter of Atlas v. Dick, 275 App. Div. 670, affd. 299 N. Y. 654).